UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

JAMES REED, individually and as Trustee of the 7942 Country Club Irrv Trust utad 6-30-2012,

CASE NO.: 23 - 1117 -

Petitioner(s),

v.

OFFICE OF U.S. TRUSTEE, OR SUCH OTHER ENTITY OR PERSON ASSIGNED AS TRUSTEE OVER THE BANKRUPTCY ESTATE OF THE WOODBRIDGE GROUP OF COMPANIES (17BK12560 ET. SEQ.), AND WOODBRIDGE MORTGAGE INVESTMENT FUND 1 LLC, Debtor in Bankruptcy, SILVERLEAF FUNDING LLC, a former Debtor in Bankruptcy, INVERSE ASSET FUND LLC, as Assignee of Silverleaf Funding LLC, CIRCUIT COURT OF COOK COUNTY, ILLINOIS, ILLINOIS COURT OF APPEALS - FIRST DISTRICT, COOK COUNTY TAX COLLECTOR, RDG FUND-5 LNS LLC, JOHN DOE(s) AND JANE ROE(s), and any and all alleged assignees of the foregoing,

Respondent(s) et. al.

HON. _____, Judge

HON. _____, Magistrate

PETITION FOR DECLARATORY JUDGMENT TO DETERMINE THE RIGHTS AND INTERESTS OF THE ALLEGED PARTIES IN INTEREST TO THE SUBJECT PROPERTY COMMONLY KNOWN AS:

7942 W Country Club Lane, Elmwood Park, Illinois

PURSUANT TO F. R. CIV. P. RULE 57 AND 28 USC §1331 AND 28 USC §158

NOW COMES THE PETITIONER, James Reed, on oath, a necessary party, asserting his interest as owner and occupant in possession of the subject property with an interest superior to all others, and seeks this Court's determination of Petitioner's rights and interests of the known parties identified herein as of the date of filing of this Petition, pursuant to F. R. Civ. R. P. Rule 57, to wit:

## JURISDICTION

The jurisdiction of this Court is invoked pursuant to 28 USC §1331 and 28 USC §158 and Fed. R. Civ. P. 57.

## VENUE

Venue is proper within this United States District Court because this Court has authority to review matters before the United States Bankruptcy Court for the District of Delaware.

## PARTIES

### Petitioner

**James Reed**, individually and as Trustee of the 7942 Country Club Irrevocable Trust utad 6-30-2012, has been in possession of the subject property since June 30, 2012. His ownership interest has been of record since December 13, 2012 with the Cook County Recorder of Deeds ( document #1234815021) and is a claimant against Woodbridge Mortgage Investment Fund 1 LLC, a debtor in bankruptcy, which

### Respondents

**Woodbridge Mortgage Investment Fund 1 LLC**, debtor in bankruptcy, mortgagee as of October 16, 2012, of record as of December 13, 2012, Cook County Recorder of Deeds document #1234815021.

**Silverleaf Funding LLC**, assignee and servicing agent of Woodbridge Mortgage Investment Fund 1 LLC, of record as of December 20, 2013 Cook County Recorder of Deeds document #1335429068.

**Inverse Asset Fund LLC**, assignee of servicing rights of Silverleaf Funding LLC, of record as of July 7, 2015, Cook County Recorder of Deeds document #1518822081.

**United States Trustee** (or appointed trustee) of the Woodbridge Group of Companies Bankruptcy Trust pursuant to case 17-bk-12560 DEB.

## SUMMARY

This Petition for Declaratory Judgment seeks to determine the rights of the respective parties named herein and which have competing claims in the subject party.

Petitioner asserts that, because Petitioner caused the filing of a Complaint to Quiet Title to the subject property on June 9, 2017 as case 17-CH-08139 in the Circuit Court of Cook County, Illinois, which named as Defendants Woodbridge Mortgage Investment Fund 1 LLC, Silverleaf Funding LLC, and Inverse Asset Fund LLC

Petitioner acquired the property through a single asset Illinois entity, 7942 Country Club Inc, on June 28, 2012, which then conveyed that entity's entire interest into trust and named Petitioner trustee of the trust on June 30, 2012.

On October 16, 2012, 7942 Country Club Inc entered into a commercial loan agreement with Woodbridge Mortgage Investment Fund 1 LLC, a Delaware entity. Said commercial loan was secured by a commercial mortgage and the personal guaranty of Petitioner.

Woodbridge, now a debtor in bankruptcy in the U.S. Bankruptcy Court for the District of Delaware (17bk12560 DEB), originated said commercial mortgage against the subject property on October 16, 2012, knowing that it was a criminal enterprise disguised as a legitimate commercial lender, in violation of the Illinois Loan Brokers Act.

Further, in furtherance of Woodbridge's overall interstate scheme to defraud, Woodbridge made multiple assignments of the commercial mortgage, guarantee, and loan documents to multiple parties in multiple states, and assignment to Silverleaf Funding LLC, another of the participants / co-conspirators in the interstate fraud scheme, and to Inverse Asset Funding LLC, again, in furtherance of Woodbridge's overall interstate scheme to defraud.

Petitioner, while alerted to the multiple assignments, did not know and could not have known the extent of Woodbridge's unlawful acts.

Petitioner challenged the managers of Woodbridge, based on the recordations between October 16, 2012 and October 1, 2013, because Petitioner was unable to refinance the property due to the multiple clouds on title at that time.

Woodbridge's response was to assign the servicing rights to it's co-conspirator, Silverleaf, after which Silverleaf filed suit to foreclose against Petitioner on December 24, 2013 (13-CH-28231 Circuit Court of Cook County, Illinois).

Petitioner filed his appearance in 13CH28231 individually and as trustee of the trust on July 15, 2014.

After acknowledging that neither Woodbridge nor Silverleaf were registered to do business in the State of Illinois, Woodbridge retained new counsel in March 2015. The new attorneys then took on the position as the registered agents of Woodbridge and Silverleaf and filed as foreign entities (both are incorporated in Delaware) and on June 30, 2015 allegedly transferred Silverleaf's alleged interest to Inverse Asset Fund LLC (a Texas entity), which then proceeded to file an amended complaint in 13CH28231.

After engaging in motion practice, Inverse voluntarily dismissed Petitioner James Reed from the 13CH28231 law suit on May 27, 2016.

On June 9, 2017, Petitioner Reed directed his attorneys to file a suit for Quiet Title due to the multiple recordings against title. At that time, the extent of the Woodbridge scheme was still unknown and unknowable.

On July 28, 2017, case 13CH28231 was consolidated with case 17CH08139 and on December 4, 2017, Woodbridge and Silverleaf filed simultaneous Chapter 11 Petitions in Bankruptcy in the District of Delaware (17bk12560 et. al.).

Petitioner filed claims in the Bankruptcy case along with an adversarial proceeding in the Northern District of Illinois - Eastern Division on December 7, 2017 (17ap00588).

To this date, the Circuit Court of Cook County, Illinois has repeatedly refused to acknowledge the jurisdiction of the U.S. District Court, Northern District of Illinois and the U.S. Bankruptcy Court for the District of Delaware.

Further complicating the issues is the fact that Woodbridge and Silverleaf, despite the written demands presented in the 13CH28231 matter which, under signature of their attorneys, asserts that they were paying the real estate taxes on the property (and demanding repayment thereof from Petitioner) did not, allegedly, pay the real estate taxes which led to a sale of delinquent taxes on August 3, 2015, by the Cook County Tax Collector. However, neither Cook County nor the alleged tax certificate purchase, RDG Fund-5 LNS LLC, named or noticed Petitioner or Woodbridge, or Silverleaf, or Inverse Asset of the alleged tax sale. That matter, in the Circuit Court of Cook County, Illinois, now encompasses case 17-COTD-003838, filed on October 31, 2017 with an alleged Tax Deed Order issued on July 23, 2018, a date clearly beyond the December 4, 2017 date of filing of the Woodbridge and Silverleaf bankruptcy petitions. Neither Cook County, nor RDG, have ever sought permission, relief, or remand of the Bankruptcy Court to proceed with the tax deed / certificate of sale allegations. That case is currently removed to the United States District Court for the Northern District of Illinois (23-cv-14321 appealing jurisdiction/order of Illinois Court of Appeals 1-23-0478) after appeal of Petitioner to vacate the tax deed order as void ab initio for lack of personal jurisdiction and for lack of subject matter jurisdiction due to the ongoing Woodbridge bankruptcy matter.

Accordingly, Petition now seeks Declaratory Judgment of its rights, as further specifically pleaded herein.

**REQUESTED RELIEF**

I.  Petitioner avers, and seeks an Order of this Court in determination thereof, that the jurisdiction

of the Circuit Court of Cook County, Illinois (and all State Courts), specifically in case numbers 13CH28231, 17CH08139, 17COTD3838, 1-23-0362 and 1-23-0478, over the subject property was vitiated on December 4, 2017, pursuant to 11 USC 362(a) of the United States Bankrtupcy Act, when Woodbridge Mortgage Investment Fund 1 LLC (17bk12768 DEB) and Silverleaf Funding LLC, both named Defendant's in a Complaint for Quiet Title action filed by Petitioner herein in the Circuit Court of Cook County, Illinois (17CH08139) on June 9, 2017, simultaneously filed Chapter 11 Petitions, collectively managed as a part of case 17bk12560 DEB.

II.   Petitioner avers, and seeks an Order of this Court in determination thereof, that jurisdiction over the subject property remains with the U.S. Bankruptcy Court for the District of Delaware to this date because:

    a)   the U.S. Bankruptcy Court has issued a series of Orders (15 to date) that extend the bankruptcy court's jurisdiction germane to case 17bk12560 DEB, currently, through March 15, 2024; and,

    b)   No Order of Remand has ever been requested or granted to this date germane to the subject property.

III.   Petitioner avers, and seeks an Order of this Court in determination thereof, that the U.S. Bankruptcy Court for the District of Delaware is prohibited from discharging debtor Woodbridge or debtor Silverleaf from Petitioner's claims against them because:

    a)   Woodbridge was, at all times relevant, operated as an interstate "Ponzi-like scheme" and criminal enterprise disguised as a commercial loan company; and,

    b)   Woodbridge was operated, at all times relevant, from a date of on or about July 1, 2012, through and inclusive of at least December 4, 2017, and at other times, and from time to time, in the State of Illinois alleging itself to be a legitimate broker

and originator of commercial loans, in violation of the Illinois Loan Brokers Act (815 ILCS 175/15-1). The Act provides that:

> (815 ILCS 175/15-10)
> Sec. 15-10. Registration required. It shall be unlawful for any person to engage in the business of loan brokering unless registered under this Act.

And the Act provides that:

> (815 ILCS 175/15-65)
> Sec. 15-65. Violation. Any person who willfully violates this Act commits a Class 4 felony.

c) The Petitioner herein filed timely claims with the U.S. Bankruptcy Court (claim numbers 9720 and 9721) and the Bankruptcy Court is prohibited from discharging the claims, pursuant to 11 USC §523 (a)(2)(A), (B)(i, iii, iv), (a)(4), (a)(6), (a)(19)(A)(ii) and (a)(19)(B), and because Woodbridge's acts are of a fraudulent nature based in common law fraud and violation of Illinois Statutes, and,

d) The Illinois Loan Brokers Act (815 ILCS 175/15-60) provides a private right of action to Petitioner pursuant to section 15-60, which states that:

> Sec. 15-60. Violations; liability of loan broker to damaged parties; rights of prospective borrower. A person who violates this Act, in connection with a contract for the services of a loan broker, is liable to any person damaged by the violation, for the amount of the actual damages suffered, interest at the legal rate, and attorney fees. If a loan broker violates any provision of this Act, in connection with a contract for loan brokering services, the contract is void, and the prospective borrower is entitled to receive from the loan broker all sums paid to the loan broker, with interest and any attorney's fee required to enforce this Section. Any provision of this Section to the contrary notwithstanding, the civil remedies of this Section shall not be available against any person by reason of failure to comply with the requirements of Section 15-75 of this Act. (Source: P.A. 89-209, eff. 1-1-96; 90-70, eff. 7-8-97.)

e) The Illinois Secretary of State certified the non-compliance of Woodbridge,

        Silverleaf, and Silverleaf's assignee of servicing rights, Inverse Asset Fund LLC, on May 22, 2018 (attached hereto as Exhibit "J")

f)    Additionally, Petitioner avers, and seeks an Order of this Court in determination thereof, that Woodbridge's acts of recording multiple assignments of the commercial loan, guaranty, and related loan documents constitutes multiple acts (one for each recording) of unlawful clouding of title in violation of Illinois statute 720 ILCS 5/32-13), which states:

> Sec. 32-13. Unlawful clouding of title.
> (a) Any person who intentionally records or files or causes to be recorded or filed any document in the office of the recorder or registrar of titles of any county of this State that is a cloud on the title of land in this State, knowing that the theory upon which the purported cloud on title is based is not recognized as a legitimate legal theory by the courts of this State or of the United States, commits the offense of unlawful clouding of title.
> (b) Unlawful clouding of title is a Class A misdemeanor for a first offense if the cloud on the title has a value that does not exceed $10,000. Unlawful clouding of title is a Class 4 felony if the cloud on the title has a value that exceeds $10,000, or for a second or subsequent offense.
> (c) In addition to any other sentence that may be imposed, the court shall order any person convicted of a violation of this Section, or placed on supervision for a violation of this Section, to execute a release of the purported cloud on title as may be requested by or on behalf of any person whose property is encumbered or potentially encumbered by the document filed. Irrespective of whether or not a person charged under this Section is convicted of the offense of unlawful clouding of title, when the evidence demonstrates that, as a matter of law, the cloud on title is not a type of cloud recognized or authorized by the courts of this State or the United States, the court shall forthwith direct the recorder or registrar of titles to expunge the cloud.
> (d) For purposes of this Section, "cloud on title" or "cloud on the title" means an outstanding claim or encumbrance that, if valid, would affect or impair the title of the owner of an estate in land and on its face has that effect, but can be shown by extrinsic proof to be invalid or inapplicable to that estate.
> (Source: P.A. 98-98, eff. 1-1-14.)

g)    Further, Petitioner asserts that, and seeks a determination that, Woodbridge,

Silverleaf, and Inverse Asset Fund LLC each (1) made a false and malicious publication which (2) disparaged Petitioner's title to property and which (3) has caused damages to Petitioner by converting Petitioner's equity for use of Woodbridge's interstate "Ponzi-like scheme" knowing that it, Woodbridge, was not a ligitimate or registered commercial loan broker, which deprived Petitioner of the use of the equity in his asset from a date of October 16, 2012 to the current date, of which an appraisal in determination of the value of the subject property was set at $525,000 in January 2016, now estimated to be between $600,000 and $700,000, all of which was conducted with malice for the purpose of furthering Woodbridge's interstate criminal enterprise; and,

IV.   Petitioner seeks an Order of this Court directing the Cook County Recorder of Deeds to Expunge from the record of the subject property (12-36-300-088-0000) all recorded documents recorded on or after December 4, 2017, which were not recorded pursuant to an Order of the United States Bankruptcy Court or any United States District Court, as documents void ab initio and procured without lawful jurisdiction; and,

V.   Petitioner seeks an Order of this Court directing that the Clerk of Cook County issue a Warranty Deed to the subject property in the name of Petitioner free and clear of any and all liens and encumbrances of any type or kind as of the current date; and,

VI.   Petitioner seeks and Order of this Court for any other relief to which Petitioner may be entitled in the interests of justice or at law.

Respectfully submitted, upon oath and affiance pursuant to 28 USC 1746, this 6th day of October, 2023, at Wilmington, Delaware.

*James Reed*

James Reed,
Petitioner

7942 W Country Club Lane
Elmwood Park, IL 60707

RJ60068@gmail.com
872-333-9688

**SERVICE LIST**

**United States Trustee**
Case 17-BK-12560 DEB
J. Caleb Boggs Federal Building
844 N King St #2207
Wilmington, DE 19801

Phone: (302) 573-6491

**Woodbridge Mortgage Investment Fund 1 LLC**
14140 Ventura Blvd., Suite 302
Sherman Oaks, CA 91423

**Silverleaf Funding LLC**, a dissolved entity
c/o **Woodbridge Mortgage Investment Fund 1 LLC**
14140 Ventura Blvd., Suite 302
Sherman Oaks, CA 91423

**Inverse Asset Fund LLC**
12808 Cape May Lane
Austin, TX 78750-1476

**Clerk of the Circuit Court of Cook County, Illinois**
50 W. Washington, Suite 1001
Chicago, Illinois 60602-1305

**Clerk of the Illinois Court of Appeals - First District**
160 North LaSalle St., 14th Floor
Chicago, IL 60602

Phone: 312-793-5484.

File Number



## To all to whom these Presents Shall Come, Greeting:

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that the records of the Securities Department of this office, covering a period from January 1, 1998, through and inclusive of the date of this certificate, discloses no registration pursuant to the provisions of Section 15-10 and 15-15 of the Illinois Loan Broker Act [815 ILCS 175/15-10 and 815 ILCS 175/15-15] for Inverse Asset Fund, LLC.



**In Testimony Whereof,** I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this 22nd day of May A.D. 2018

Jesse White

SECRETARY OF STATE

Printed by authority of the State of Illinois. April 2008 — 20M — C-260.2

EXH J-1

File Number



To all to whom these Presents Shall Come, Greeting:

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that the records of the Securities Department of this office, covering a period from January 1, 1998, through and inclusive of the date of this certificate, discloses no registration pursuant to the provisions of Section 15-10 and 15-15 of the Illinois Loan Broker Act [815 ILCS 175/15-10 and 815 ILCS 175/15-15] for Silverleaf Funding, LLC.



**In Testimony Whereof,** I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this 22nd day of May A.D. 2018

*Jesse White*
SECRETARY OF STATE

Ex H  J-3

Printed by authority of the State of Illinois. April 2006 – 20M – C-260.2

File Number



## To all to whom these Presents Shall Come, Greeting:

I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that the records of the Securities Department of this office, covering a period from January 1, 1998, through and inclusive of the date of this certificate, discloses no registration pursuant to the provisions of Section 15-10 and 15-15 of the Illinois Loan Broker Act [815 ILCS 175/15-10 and 815 ILCS 175/15-15] for Woodbridge Mortgage Investment Fund I, LLC.



**In Testimony Whereof,** I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this 22nd day of May A.D. 2018

*Jesse White*

SECRETARY OF STATE

Printed by authority of the State of Illinois. April 2006 — 20M — C-260.2      ExH J-4